Filed 9/12/23  P. v. Orlandella  CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085612 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 22CRST000016) |
| VITO PATRICK ORLANDELLA, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Sarah A. Stockwell for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kathryn L. Althizer, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and Snauffer, J.

Appellant Vito Patrick Orlandella challenges the trial court's decision denying his petition to end his obligation to register annually as a sex offender, and further concluding he could not file another such petition for five years. Appellant believes the prosecution failed to meet its burden of proving community safety would be significantly enhanced by requiring him to continue to register. In their brief, the People agree reversal is required due to the lack of sufficient evidence. We agree as well.

## BACKGROUND

In 1984, appellant was charged with and later found guilty by a jury of committing 12 separate acts of lewd and lascivious conduct (Pen. Code,[1] § 288, subd. (a)) involving his daughter between January 1, 1983, and June 30, 1984.[2] Appellant was released from prison in 1991, completed a three-year parole period without committing any new violations, and has not been convicted of any other offenses since that time. Both while in prison and when on parole, appellant participated in and completed counseling programs. Once released from prison, appellant was able to return to his employment as an aircraft mechanic and air tanker pilot. Since retiring from that job in 2020, appellant has flown commercially for a major air freight operator. This new job required appellant to pass a "Twelve-Five Standard Security Check."

In 1994, appellant's daughter, who was the victim in his case, approached appellant expressing a desire to "return to a family relationship." This resulted in appellant also reestablishing a relationship with his other two children. During all of this

---

[1] All further statutory references are to the Penal Code.

[2] Because we have not been provided a complete record of the proceedings involving appellant's conviction, this summary of the facts is taken from the original criminal complaint provided to the court as discovery, and a declaration submitted by appellant in the trial court in support of his petition. The declaration was signed under penalty of perjury. No opposition was expressed either in writing or during the hearing to this version of the facts.

time, appellant continued to register as a sex offender following his release from prison over 30 years ago.

On March 21, 2022, appellant filed a petition with the court asking to terminate the requirement to register as a sex offender pursuant to section 290.5.[3] The Fresno County District Attorney's office responded to the petition on June 8, 2022. The response identified appellant's crimes as falling within tier two of section 290 but objected to the petition and asked for a hearing, noting "[c]ommunity safety would be significantly enhanced by the petitioner's continued registration." The prosecution also provided discovery including various documents from Sacramento County related to the original charges and convictions from 1984 and 1985.

During the hearing on the petition held on November 15, 2022, the trial court sought clarity on what factors should be considered. The court was especially focused on how to consider the fact appellant took advantage of a position of trust with his victim. Appellant's attorney stated while it was a factor of the crime that was committed, the focus of the petition had to be on whether appellant still posed a danger to the community. The court then ruled:

> "I'm denying the request. I'm finding specifically he is still a danger to society, and if the Court of Appeal[] thinks otherwise, they can have at it. He molested his own daughter and forced her to go to trial. He can re-petition the Court in five years from today's date due to what I consider a significant danger to society, still to this day."

This decision was appealed on January 10, 2023.

## DISCUSSION

Appellant challenges the trial court's order denying his petition arguing the prosecution did not meet its burden of proving community safety would be significantly

---

**3** While this case originated in Sacramento County, appellant moved to Fresno County at some point and is registered as a sex offender in this jurisdiction.

enhanced by his continued registration. Appellant also believes the trial court used an improper legal standard when considering his petition, violating his right to due process.

## I. Terminating the Requirement to Register as a Sex Offender

"California law requires persons convicted of specified sex crimes against a child, including violations of section 288, to register as a sex offender while they live, work, or attend school in California." (*People v. Thai* (2023) 90 Cal.App.5th 427, 432 (*Thai*), citing § 290, subds. (b), (c); see also *People v. Mosley* (2015) 60 Cal.4th 1044, 1048.) Recently, the Legislature made changes to the sex offender registration requirements, creating three tiers of sex offenders registering after January 1, 2021. (Sen. Bill No. 384 (2017–2018 Reg. Sess).) As a result, the requirements for registration are now based on the specific offenses leading to a conviction. Offenses falling within tier one would require registration for periods of at least 10 years, while those in tier two would require registration for at least 20 years. (Stats. 2017, ch. 541, § 2.5; see § 290, subd. (d).) Offenses falling within tier three would continue to require lifetime registration. (*Ibid*.)

Because of these changes, a person "who is required to register pursuant to Section 290 and who is a tier one or tier two offender may file a petition in the superior court in the county in which the person is registered for termination from the sex offender registry on or after their next birthday after July 1, 2021." (§ 290.5, subd. (a)(1).) Individuals requesting to be taken off the sex offender registry must prove they have already completed the mandated minimum registration period under the new tier system and have also met other criteria referenced in the statute. (§ 290.5, subds. (a)–(c).) If an individual asks to be taken off the sex offender registry, the prosecution may request a hearing and present evidence to show how "community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(2), (3).)

As acknowledged by the prosecution, the offenses appellant committed fall within tier two and required him to register as a sex offender for at least 20 years. (§ 290,

4

subd. (d)(2); see § 290.5, subds. (a), (b).) There was no dispute in the record that appellant properly registered as a sex offender for over 30 years. Therefore, the trial court's focus should have been only on whether "community safety would be significantly enhanced by requiring continued registration," before ruling on appellant's petition. (§ 290.5, subd. (a)(2), (3).)

The court in *Thai*, a case interpreting the new requirements, noted that section 290.5 does not provide a definition for the phrase "community safety would be significantly enhanced." (*Thai*, *supra*, 90 Cal.App.5th at p. 432.) The *Thai* court also recognized the purpose underlying the registration requirements was to keep track of individuals who might pose a "continuing threat to society." (*Ibid*.) By applying the "usual and ordinary" meaning to the words of the statutes, the *Thai* court concluded, "the *prosecution must produce evidence* establishing that requiring continued registration appreciably increased society's safety." (*Ibid*., italics added.) Once this evidence is produced, it is then the trial court's responsibility to consider:

> " 'the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available.' (§ 290.5, subd. (a)(3)[…].)" (*Id*. at pp. 432–433.)

### A. The Standard of Review

We review the trial court's decision on appellant's petition for an abuse of discretion. (*People v. Johnson* (2022) 12 Cal.5th 544, 605–606.) A simply "debatable" ruling will not be considered an abuse of discretion, as an appellant must prove the trial court's decision fell outside the bounds of reason. (*Id*. at p. 605.) However, a trial court

abuses its discretion when factual findings are not supported by substantial evidence, or the decision is based on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

## B.    Application

In support of the petition to terminate his obligation to register as a sex offender, appellant submitted his own declaration and a declaration from his daughter, who was the victim in his case. Three additional declarations were provided from a coworker and two family friends, who provided positive comments on his character over the years. The petition was also accompanied by a memorandum of points and authorities, a copy of his current registration as a sex offender, and the checklist addressing various elements specified in section 290.5. The checklist indicated appellant's mandatory minimum period for registration was 20 years, and that he had no verified failures to register.

In response to the petition, the prosecution admitted appellant's crimes fell within tier two, then stated it opposed the petition because "[c]ommunity safety would be significantly enhanced by the [appellant's] continued registration." The prosecution provided discovery, consisting of minute orders prepared during appellant's trial, including the minute order documenting the jury verdicts and the abstract of judgment showing appellant was sentenced on seven of the counts involving section 288, subdivision (a). The discovery packet also included the original criminal complaint and a police report prepared before appellant was charged and tried.

During the hearing on appellant's petition, the prosecution focused on the crimes he was convicted of in 1985, and the fact that while he expressed an intent to "do the right thing by his daughter," he eventually entered a no plea agreement and forced the prosecution to proceed with a jury trial. This resulted in the victim having to testify, a fact the prosecutor argued showed a lack of remorse by appellant. This argument appeared to be based on information in the police report prepared before appellant was

6

arrested in 1984, documenting a phone call between appellant and the victim's mother. The prosecutor stated, "I believe this shows a significant danger to society based on the one case alone." The prosecution offered no additional evidence during the hearing addressing the need to continue requiring appellant to register as a sex offender because it would enhance community safety. (See *Thai*, *supra*, 90 Cal.App.5th at p. 432.)

While asking appellant's attorney what it could consider during the hearing, the court was focused on the fact appellant abused the trust of his victim. After acknowledging this factor was not among the seven factors the court was required to consider under section 290.5, subdivision (a)(3), the following exchange occurred between the court and defense counsel:

> "[DEFENSE COUNSEL]: Yes. Those are the seven factors you're required to take into account in light of the question of whether he still presents a danger. That is the analysis set forth by the [L]egislature, and while -- as I said, while a position of trust is aggravating at sentencing, the issue for dangerousness to the community is whether the victim was a stranger to the defendant at the time, and that is not the case here.
>
> "THE COURT: Am I supposed to take into account the nature and the facts of the registerable offense?
>
> "[DEFENSE COUNSEL]: Yes, of course, you are.
>
> "THE COURT: All right. Then is it not the nature and the facts of the registerable offense that he took advantage of a position of trust and that he molested his own daughter?
>
> "[DEFENSE COUNSEL]: Those are the facts of this case, yes."

Almost immediately after this exchange, the court denied appellant's petition stating:

> "I'm finding specifically he is still a danger to society, and if the Court of Appeal[] thinks otherwise, they can have at it. He molested his own daughter and forced her to go to trial."

No specific findings were made by the court on any of the seven factors listed in section 290.5, subdivision (a)(3) addressing appellant's current threat to the community.

7

We acknowledge that under another subdivision of section 290.5, subdivision (b)(2), a court may consider "whether the offender took advantage of a position of trust." However, this provision applies to petitions submitted by tier two petitioners who ask to be relieved of the requirement to register only 10 years after being released from prison. (§ 290.5, subd. (b)(1).) These petitions are unique and can only be filed when the victim was between the ages of 14 and 17, and the offender was under the age of 21.[4] (§ 290.5, subd. (b)(1).) This is different from the list of criteria applicable to a petition submitted under section 290.5, subdivision (a), which is available after the individual has registered as a sex offender for at least 20 years. (§ 290, subd. (d)(2)(A).) Appellant's petition was submitted under the authority of section 290.5, subdivision (a).

Because there is a lack of substantial evidence addressing the seven factors set out in section 290.5, subdivision (a)(3), the prosecution failed to meet its burden to show appellant presented a continuing threat to society.[5] As a result, the trial court abused its discretion by denying appellant's petition to terminate sex offender registration.

## **DISPOSITION**

The order is reversed.

---

[4] Appellant was approximately 29 years old when the offenses were committed.

[5] Because of our conclusion substantial evidence does not support the trial court's order, we decline to address the trial court's use of an improper legal standard and whether it violated appellant's constitutional right to due process.